**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Donald Gerard Sauve,                                      Civ. No. 25-1116 (JWB/LIB)

     Plaintiff,

v.                                                                          **ORDER**

Haley Marie (Sauve) Lindstrom,

     Defendant.

---

Plaintiff Donald Gerard Sauve sues his former spouse, alleging that she locked him out of their marital home despite agreeing that she would accept fifty percent of the appraised value for the home. (Doc. No. 1 at 3–5.) Sauve claims violations of Illinois, Maine, and Guam statutes prohibiting elder abuse and financial exploitation. (*Id.*) For relief, he seeks $275,000 in damages. (*Id.*)

Instead of paying the filing fee, Sauve requests to proceed *in forma pauperis* ("IFP"). (Doc. No. 2.) Sauve's case is therefore subject to preliminary review under 28 U.S.C. § 1915(e)(2). Upon review, the Complaint must be dismissed for lack of subject matter jurisdiction, and the IFP application is denied as moot.

Even if an applicant financially qualifies for IFP status, an IFP application will nevertheless be denied, and an action will be dismissed, when it fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (stating that 28 U.S.C. § 1915(e) is not limited to prisoner lawsuits).

Unlike state courts, federal courts have limited jurisdiction and hold only the power authorized by the United States Constitution and statutes. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). If a federal court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); *see also Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 739 (1976); *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001) ("It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction.").

There are two basic grounds for federal jurisdiction—federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. It is the plaintiff's burden to establish subject matter jurisdiction. *Jones v. Gale*, 470 F.3d 1261, 1265 (8th Cir. 2006). Although pro se complaints are construed liberally, they are not excused from following substantive and procedural requirements. *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

Federal question jurisdiction is present when a plaintiff brings a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Sauve asserts no federal cause of action and cites no federal law in his Complaint. *See Bediako v. Stein Mart, Inc.*, 345 F.3d 835, 840 (8th Cir. 2004) (federal courts are not required to "divine the litigant's intent and create claims that are not clearly raised"). Accordingly, there is no basis to find federal question jurisdiction over Sauve's case.

Diversity jurisdiction requires an amount in controversy over $75,000 and complete diversity of citizenship among the litigants. *See* 28 U.S.C. § 1332(a). Complete diversity exists where no defendant is a citizen of the same state as any plaintiff. *See*

*OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Here, Sauve

asserts that both he and the Defendant are citizens of Minnesota. (*See* Doc. No. 1 at 1–2.)

Accordingly, complete diversity is not present, and diversity jurisdiction is therefore

lacking. Without either form of federal jurisdiction, Sauve's case must be dismissed.

As a final matter, publicly accessible state court records show that after dissolving

the Parties' marriage, the state court ordered the marital property sold and the proceeds

split. *See* Order, *Sauve v. Lindstrom*, Case No. 33-FA-21-97 (Minn. Dist. Ct. Feb. 11,

2025) (Index #335). Sauve has frustrated the execution of this order. *Id.* In response, the

state court ordered that (1) Lindstrom be awarded sole possession and occupancy of the

property; (2) Sauve must vacate the property by February 28, 2025; and (3) if Sauve did

not vacate, law enforcement could remove him from the property and Sauve would be

responsible for any property damage. *Id.* The state court later denied Sauve's motion to

stay enforcement of that order. *See id.*, Order (Index #353).

Given these public records, two points bear mentioning. First, the premise of

Sauve's claim is that Lindstrom had no legal right to the marital home. This allegation is

plainly undermined by the state court order explicitly awarding her sole possession and

occupancy of the marital home. *See* Order, *Sauve*, Case No. 33-FA-21-97 (Index #335).

Thus, for Sauve's federal claims to succeed, this Court would have to determine that the

state court wrongly decided the dissolution issues. Under the circumstances of Sauve's

case, the *Rooker-Feldman* doctrine would bar such a review. *See Ballinger v. Culotta*,

322 F.3d 546, 548 (8th Cir. 2003) (quoting *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06

(1994)). Accordingly, even if Sauve's claims were properly filed in federal court (which

they are not), the *Rooker-Feldman* doctrine would preclude them from being considered.

In addition, Sauve is warned that federal courts have authority to place reasonable restrictions on any litigant who files non-meritorious actions for malicious purposes and who generally abuses judicial process. *In re Tyler*, 839 F.2d 1290, 1292, 1293 (8th Cir. 1988) (quotation omitted). If Sauve believes he is entitled to judicial relief, Rule 11 of the Federal Rules of Civil Procedure requires that he ensure his claims have factual and legal support. Failing to do so may result in restrictions on his ability to initiate new litigation in this District without legal representation or without advance permission from a judicial officer of this District.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this case,

**IT IS HEREBY ORDERED** that:

1.      Plaintiff Donald Gerard Sauve's Complaint (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction; and

2.      Plaintiff's IFP Application (Doc. No. 2) is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: April 10, 2025

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge